UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VUK NASTIC; D.N. and N.N., minors, by and through their Guardian Ad Litem, Verica Nastic,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>Defendants. | Case No. 2:11-CV-02521-JAM-GGH<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants County of San Joaquin, Lianne Willey, Venus Esparaza-Zavala, Lazaro Gonzales, and Nicholas Moreno's (collectively "Defendants") Motion to Dismiss (Doc. #8) Plaintiffs Vuk Nastic, Verica Nastic, and D.N. and N.N., minors, by and through their Guardian ad Litem, Vesna Marjanovic (see Doc. #12), (collectively "Plaintiffs") First Amended Complaint ("FAC") (Doc. #6) pursuant to Federal Rule of Civil Procedure

12(b)(6). Plaintiffs oppose the motion (Doc. #11).[1] For the reasons set forth below, Defendants' motion is GRANTED.

I. FACTUAL ALLEGATIONS

This case arises out of the investigation and arrest of Vuk and Verica Nastic, followed by the initiation of juvenile dependency proceedings involving their two minor children, N.N. and D.N. See FAC at ¶¶ 17-35.

According to the operative complaint, sometime prior to June 8, 2010, Vuk Nastic's employer contacted authorities regarding photographs found on his employer-issued laptop that were suspected to be child pornography. FAC at ¶¶ 17, 21. Following an investigation, a search warrant was issued based on an affidavit by Defendant Moreno. Id. at ¶¶ 20-23. In his affidavit, Defendant Moreno made several material misrepresentations and omissions. Id. at ¶¶ 22-23.

The search warrant was executed on June 8, 2010, but turned up no evidence of a crime. FAC at ¶¶ 17-18. The same day Defendant Moreno interviewed Vuk and Verica Nastic, who denied any wrongdoing, and their children, who admitted they had taken the photographs in question of themselves. Id. at ¶ 25. Nevertheless, Defendant Moreno arrested Vuk and Verica Nastic without an arrest warrant. Id. at ¶ 26. Defendant Gonzales then took custody of N.N. and D.N., without a warrant, without evidence that the children were in imminent danger, and in absence of any necessity

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for April 18, 2012. Additionally, although Plaintiffs' Opposition was filed late, the Court exercises its discretion and will consider it herein.

because their grandmother was residing in the home. Id. at ¶ 27.

On an unspecified date, the dependency judge ordered N.N. and D.N. detained based on misrepresentations of Defendants Gonzales, Willey, and Esparza-Zavala regarding the number and types of photographs found on Vuk Nastic's laptop. FAC at ¶ 28. Subsequently, N.N. and D.N. began participating in therapy with Defendant Colin McGrattan and his associates; however, Defendant Willey "fed [Defendant] McGrattan information about the case to assist him in breaking D.N. down," and Defendant McGrattan solicited advice from Defendant Willey to carry out a joint effort to make a case against Vuk and Verica Nastic. Id. at ¶¶ 30-31.

While therapy was ongoing, the petition filed against Vuk and Verica Nastic was amended several times – first, reducing the charge to failure to supervise the children, then adding allegations that Vuk Nastic inappropriately touched N.N., and finally adding claims that Vuk and Verica Nastic had taken the photographs at issue and that Vuk had molested N.N. FAC at ¶¶ 29, 30, 32.

During N.N. and D.N.'s time in foster care, "they were forced to attend services at a Roman Catholic church rather than being permitted to attend a church of their own faith . . . or a nearby [] church which the parents agreed would be an acceptable alternative." FAC at ¶ 34. Additionally, Vuk and Verica Nastic were not given notice of, or the opportunity to attend, any medical appointments for N.N. and D.N. Id. at ¶ 33.

In February 2011, the case against Vuk and Verica Nastic was dismissed. FAC at ¶ 35. The county counsel acknowledged "it was obvious that [they] were not involved," and further conceded there

was no evidence a sexual assault occurred. FAC at ¶ 35. N.N. and D.N. were returned to their parents, and the family subsequently initiated this action on September 23, 2011.

II. OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure section 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc.,

316 F.3d 1048, 1052 (9th Cir. 2003).

B. Claims for Relief

Plaintiffs assert two federal and two state law claims for relief, which are addressed below, in turn. See FAC at ¶¶ 40-55.

1. Section 1983

Plaintiffs' first and second causes of action are brought under 42 U.S.C. section 1983 ("Section 1983") for alleged violations of Plaintiffs' constitutional rights. FAC at ¶¶ 40-46. The first cause of action is asserted against all individual Defendants, while the second cause of action is only directed at the County of San Joaquin. See id. Only Defendants Willey and Esparza-Zavala challenge Plaintiffs' first cause of action.[2] See MTD at pg. 8. Accordingly, the Court addresses Plaintiffs' Section 1983 claims by type of Defendant below.

a. Individual Defendants Willey and Esparza-Zavala

Defendants argue that Defendants Willey and Esparza-Zavala are entitled to immunity under well-established law in this Circuit, and therefore, Plaintiffs' first claim for relief must be dismissed. See Defendants' Motion to Dismiss, Doc. #8 ("MTD") at pg. 6-8 (citing, inter alia, Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008)). Plaintiffs concede in their Opposition that Defendants Willey and Esparza-Zavala are immune from suit for their decisions to file a dependency petition, but argue that the false statements they made to the dependency judge

///

[2] The Court notes that to date named Defendant Aleksandra Decrun has not appeared in this action. Plaintiffs are ordered to file a status report with the Court within ten (10) days of this Order regarding service of the FAC on Defendant Decrun.

///

and to the therapists are not protected. Plaintiffs' Opposition, Doc. #11) ("Opp.") at pg. 6.

The Ninth Circuit has found that "social workers have absolute immunity when they make 'discretionary, quasi-prosecutorial decisions to institute court dependency proceedings . . . , [however] they are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury . . . ." Beltran, 514 F.3d 906. Defendants Willey and Esparza-Zavala correctly argue that they are immune from suit for alleged misrepresentations they made to the dependency court, because Plaintiffs have not plead that these statements were made under penalty of perjury, nor did Plaintiffs provide facts in the FAC to show the alleged statements were made "deliberately or recklessly." See Fox v. County of Sacramento, 2011 WL 4458967 at *5-6 (E.D. Cal. 2011) (citing KRL v. Moore, 384 F.3d 1105, 1117 (9th Cir. 2004)). Regarding Plaintiffs' allegations that Willey and Esparza-Zavala's interactions with the therapists fall outside the scope of immunity, Defendants argue that Plaintiffs' claim is that these two defendants manipulated the therapists to help make the social workers' case in court which is conduct that is related to advocacy and is therefore immune. Defendants also argue in a footnote in their reply, that there is a dearth of facts asserted against them regarding their alleged "manipulation" of the therapists. Defendants' Reply to Plaintiffs' Opposition to the Motion to Dismiss, Doc. #13 ("Rep.") at pg. 4, n.2. Indeed, there is nothing in the FAC beyond conclusory

allegations regarding Willey and Esparza-Zavala's alleged wrongdoing. Id.; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Without more facts substantiating Plaintiffs' allegations against these Defendants, this claim must fail. Id. Accordingly, Plaintiffs' first claim for relief is dismissed as to Defendants Willey and Esparza-Zavala. As it is not clear that allowing amendment would be futile, this claim is dismissed without prejudice. Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

b. Defendant County of San Joaquin

Defendants move to dismiss Plaintiffs' second cause of action, a "Monell claim" for failure to train, asserted only against Defendant County of San Joaquin, on several grounds. Defs' MTD at pg. 8-10; see also Monell v. Dep't of Soc. Services, 436 U.S. 658 (1978) (holding municipal and local government entities are subject to liability under 42 U.S.C. section 1983 when their custom or "official policy is responsible for a deprivation of rights protected by the Constitution . . ."). First, Defendants argue that Plaintiffs' Monell claim is deficient because Plaintiffs failed to allege facts to support the existence of an unconstitutional policy or custom. Defs' MTD at 10. Similarly, Defendants further argue that Plaintiffs failed to allege any facts to substantiate their allegations of the County's failure to train its employees. Id. Finally, Defendants argue that Plaintiffs failed to allege deliberate indifference, an essential element of a failure to train Monell claim. Id.

Plaintiffs do not respond Defendants' arguments in their opposition; instead, they simply request leave to amend this cause

of action. Opp. at pg. 6. In their reply, Defendants argue that Plaintiffs should not be given leave to amend without demonstrating a good faith basis for further amendment, since Plaintiffs have already had the opportunity to amend their complaint once. Rep. at pg. 4-5. Defendants further point out that Plaintiffs have failed to make any offer of what facts they could allege in support of this claim. In the absence of an offer of proof or a proposed Second Amended Complaint, this Court cannot say that Plaintiffs' claim can be saved by further amendment. Accordingly, Defendants' Motion to Dismiss Plaintiffs' second claim is granted, with prejudice.

2. Intentional Infliction of Emotional Distress

Defendants argue Plaintiffs' claim for Intentional Infliction of Emotional Distress ("IIED") should be dismissed because Defendants are afforded absolute immunity under California law. MTD at pg. 11-14. Alternatively, Defendants argue that Plaintiffs have failed to state a claim for IIED because there are no facts in the FAC demonstrating Defendants' conduct was so extreme as to "exceed all bounds of that usually tolerated in a civilized community." Id. at pg. 14-15.

The parties agree that California law shields public employees from suit "for injury caused by [] instituting or prosecuting any judicial or administrative proceeding within the scope of [their] employment, even if [they] act maliciously and without probable cause," CAL. GOV. CODE § 821.6, and that section 820.21 provides an exception to this blanket immunity. Id. at § 821.21. Section 821.6 immunity does not extend to "juvenile court social workers, child protection workers, and other[s] . . . authorized to initiate

or conduct [child welfare] investigations or proceedings . . . ," who commit certain acts, including perjury, fabrication of evidence, failure to disclose known exculpatory evidence, and obtaining testimony by duress, with malice. Id. at § 820.21.

First, Defendants argue Plaintiffs did not adequately plead that the individually named Defendants fall within the section 820.21 exception to absolute immunity because Plaintiffs failed to include facts in their FAC demonstrating Defendants acted with malice. MTD at pg. 13. Plaintiffs respond to Defendants' argument by directing the Court to paragraph 38 of their FAC, averring that they have sufficiently pled Defendants acted with malice. Opp. at pg. 8. However, paragraph 38, contained in the "Statement of Damages" section of the FAC, reads: "In doing the things alleged herein, each of the individual defendants named in this complaint acted willfully and maliciously and in reckless or callous disregard of the plaintiffs' rights justifying an award of punitive damages . . . ." FAC at ¶ 38. Additionally, as Defendants correctly point out, paragraph 38 is not realleged and incorporated by reference with Plaintiffs claim for IIED. Rep. at 5; see also FAC at ¶ 47 (realleging and incorporating by reference the allegations in paragraphs 1-37).

Plaintiffs' general statement regarding malice is nothing more than a legal conclusion that was not even properly included in their claim for IIED. Ibid. For these reasons, Plaintiffs' allegation of malice is deficient, as this lone, conclusory statement regarding the individual Defendants' state of mind falls well below the pleading standard and can therefore be disregarded. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (assertions that

are mere “legal conclusions,” are not entitled to the assumption of truth). Without particularized allegations that each individual Defendant acted with malice, these Defendants are entitled to immunity under section 821.6. See CAL. GOV. CODE § 821.6. Indeed, Plaintiffs’ IIED claim is dismissed as to Defendants Willey, Esparza-Zavala, Gonzales, and Moreno, because Plaintiffs have failed to plead that the exception to section 821.6 immunity applies in this case. Id. at §§ 821.6, 820.21.

Turning to the County of San Joaquin, Defendants argue that since the individually named defendants are entitled to immunity, the county is afforded immunity as well. MTD at pg. 14. Plaintiffs fail to respond to this argument in their Opposition. See Opp at pg. 7-8. It is well-established that when county employees are immune, “[a] County is similarly immune.” See Alicia T. v. County of Los Angeles, 222 Cal.App.3d 869, 883 (relying on section 821.6 as the basis for immunity and citing Kayfetz v. State of California, 156 Cal.App.3d 491, 496 (1984)). Accordingly, Plaintiffs’ IIED claim against the Defendant County of San Joaquin is dismissed.

In their reply, Defendants request that the Court grant its Motion to Dismiss with prejudice. Rep. at pg. 8. Plaintiffs have already had two opportunities to properly plead this claim and have failed to show that they should be given a third bite at the apple. Accordingly, the Court finds that allowing any further amendment would be futile and Plaintiffs’ third claim for relief is dismissed with prejudice as to all moving Defendants.

Because Plaintiffs’ IIED claim fails for the reasons set forth

///

///

above, it is unnecessary for the Court to address Defendants' arguments regarding other grounds for dismissal.

3. Negligence

Section 821.6 immunity also applies to Plaintiffs' Negligence claim. See CAL. GOV. CODE § 821.6; MTD at pg. 11-14; Opp. at pg. 7-8. Accordingly, Plaintiffs' fourth claim for relief fails as to all moving Defendants for the same reasons set forth in the previous section that Plaintiffs' third claim did and is dismissed with prejudice.

C. Plaintiffs' Guardian Ad Litem

The issues raised by Defendants regarding Plaintiffs' "Next of Friend" have been resolved through the Court's April 5, 2012, Order, appointing Vesna Marjanovic as Plaintiffs' Guardian Ad Litem. However, in their reply, Defendants correctly point out that Vesna Marjanovic is not yet represented by counsel. Plaintiffs are ordered to file a response containing the following information within twenty (20) days of this Order:

1. Whether Ms. Marjanovic has ever been the subject of a juvenile dependency proceeding;
2. Whether Ms. Marjanovic has ever been convicted of a crime; and
3. The name, address and telephone number of counsel for Ms. Marjanovic.

III. ORDER

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in its entirety. Count One of the FAC is dismissed with leave to amend. Counts Two, Three and Four of the FAC are dismissed

with prejudice. If Plaintiffs wish to file a Second Amended Complaint, it must be filed within twenty (20) days of this Order. Plaintiffs are further ordered to file a response regarding the status of the appointed Guardian ad Litem, Vesna Marjanovic.

IT IS SO ORDERED.

Dated: May 31, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE